UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY LYNNETTE WORTHAM,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:14-CV-0345-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 14, 17. Attorney Joseph M. Linehan represents Casey Lynnette Wortham (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff applied for Supplemental Security Income (SSI) on August 2, 2011, alleging disability since June 1, 2000.[1] Tr. 162-70. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Moira Ausems held a hearing on March 8, 2013, Tr. 46-96, at which Plaintiff, represented by counsel, testified, as did medical expert R. Thomas McKnight, Ph.D., and vocational expert (VE) K. Diane Kramer. The ALJ issued an unfavorable decision

---

[1] At the hearing, Plaintiff's counsel amended the alleged onset date to August 2, 2011, the date of Plaintiff's application. Tr. 49.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

on April 25, 2013. Tr. 23-39. The Appeals Council denied review. Tr. 1-6. The ALJ's April 2013 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 27, 2014. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 38 years old at the time of the hearing. Tr. 66. Plaintiff did not complete school past the sixth or seventh grade, but can read, write, and do simple math. Tr. 66. Plaintiff previously worked in electronics. Tr. 66.

Plaintiff testified that she cannot work on account of her depression. Tr. 83. Plaintiff also testified that she has pain in her knees, which makes it so she cannot stand for longer than about five minutes at a time and limits her ability to walk. Tr. 71, 79, 81.

On a good day, Plaintiff can visit with her family. Tr. 70. On bad days, which occur about six days a week, Plaintiff spends her days lying in bed watching television and sleeping. Tr. 68-70. Plaintiff can prepare simple meals, take care of her personal needs, clean her room, do laundry, and go to the grocery store. Tr. 69, 76-77, 80.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as

being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations. 20 C.F.R. § 416.920(a)(4). If claimants cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

On April 25, 2013, the ALJ issued a decision finding Plaintiff was not

disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 2, 2011, application date. Tr. 28.

At step two, the ALJ determined Plaintiff had the following severe impairments: polysubstance abuse; major depressive disorder; borderline personality disorder with histrionic features; and obesity. Tr. 28.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29. The ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform light work except "she would be limited to simple, repetitive tasks; she could have no more than brief, superficial contact with the general public; she could not perform tasks requiring a cooperative, teamwork endeavor with co-workers; and she would work best independently." Tr. 32.

At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as an electronics worker. Tr. 35. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 2, 2011, through the date of the ALJ's decision. Tr. 35-36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to (1) accord adequate weight to the opinions of Plaintiff's examining medical sources, and (2) include all of Plaintiff's limitations in the ALJ's RFC determination.

## DISCUSSION

**A.  Evaluation of Medical Evidence**

Plaintiff argues the ALJ failed to give specific and legitimate reasons for rejecting the opinions expressed by examining physicians W. Scott Mabee, Ph.D.,

and John Arnold, Ph.D.  ECF No. 14 at 14.

"In making a determination of disability, the ALJ must develop the record and interpret the medical evidence." *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631.  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  To the extent Drs. Mabee and Arnold found Plaintiff disabled, their opinions are contradicted by Thomas Clifford, Ph.D., and Sharon Underwood, Ph.D.  Tr. 98-105, 107-16.

### 1. W. Scott Mabee, Ph.D.

Dr. Mabee completed a psychological evaluation of Plaintiff in February 2011.  Tr. 231-39.  Dr. Mabee observed Plaintiff display a number of mental health symptoms.  Tr. 232.  Dr. Mabee diagnosed Plaintiff with major depressive disorder, recurrent, moderate to severe; amphetamine (meth) dependence, early full remission; and, borderline personality disorder with histrionic features.  Tr. 232.  Dr. Mabee opined that continued methamphetamine use would increase Plaintiff's symptoms.  Tr. 233.  Dr. Mabee assessed Plaintiff with a number of moderate and

marked functional limitations in areas of cognitive and social functioning. Tr. 233-34. In his medical source statement, Dr. Mabee opined that Plaintiff was able to remember locations, perform simple work, make simple work decisions, ask questions, request assistance, accept instruction, adhere to basic standards of neatness and cleanliness, and use public transportation. Tr. 234. Dr. Mabee recommended Plaintiff participate in individual counseling, medication management, establish a primary care physician, and, possibly, continue substance abuse treatment. Tr. 234.

The ALJ gave "some weight" to Dr. Mabee's opinions. Tr. 33. The ALJ noted that Dr. Mabee's assessment of moderate and marked functional limitations were at odds with his conclusions in his medical source statement. Tr. 33 (*comparing* Tr. 233 *with* Tr. 234). The ALJ also reasoned that Plaintiff's functioning would likely "improve with extended sobriety," noting that Plaintiff had only stopped using methamphetamine two months prior to the evaluation. Tr. 33. Thus, the ALJ gave greater weight to "the later evidence of record." Tr. 33.

The ALJ gave specific and legitimate reasons for giving partial weight to Dr. Mabee's opinions. The ALJ did not err in citing the inconsistencies between Dr. Mabee's assessment of Plaintiff's functional limitations and his medical source statement. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that an ALJ may cite internal inconsistencies in evaluating a physician's report). Furthermore, Dr. Mabee opined that Plaintiff's impairments were affected by her past drug use, but that Plaintiff's symptoms would improve over the course of nine to twelve months. Tr. 233-34. The ALJ also did not err in reasoning that Plaintiff's condition was likely to improve with increased sobriety. *See Jenkins v. Astrue*, 815 F. Supp. 2d 1145, 1151-52 (D. Or. 2011) (the fact that a claimant's "symptoms decreased with his discontinued substance abuse" is a specific and legitimate reason to reject a physician's opinion). The ALJ did not err in giving partial weight to Dr. Mabee's opinions.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

### 2. John Arnold, Ph.D.

Dr. Arnold completed a psychological evaluation of Plaintiff in June 2012. Tr. 255-57. Dr. Arnold diagnosed Plaintiff with bipolar disorder; rule out borderline personality disorder; and, rule out borderline intellectual functioning. Tr. 255. Dr. Arnold stated that Plaintiff had "[r]eliability/productivity issues" and Plaintiff's prognosis was "[g]uarded to poor." Tr. 25. Dr. Arnold stated that Plaintiff had the residual capacity to perform activities of daily living, attend meetings and appointments, and do light work. Tr. 256.

The ALJ gave "no weight" to Dr. Arnold's opinions. Tr. 34. The ALJ rejected Dr. Arnold's bipolar diagnosis, reasoning that no other medical source had similarly diagnosed Plaintiff and Dr. Arnold apparently made this diagnosis based only on Plaintiff's self-reporting. Tr. 34. The ALJ also noted Dr. McKnight concluded that Plaintiff did not meet the criteria for bipolar disorder. Tr. 34 (citing Tr. 56). The ALJ found inconsistencies between Dr. Arnold's observations and his assessment of Plaintiff's limitations. Tr. 34. Furthermore, the ALJ reasoned that Dr. Arnold's evaluation was "somewhat limited in scope" and did not address Plaintiff's specific functional limitations. Tr. 34.

The ALJ provided specific and legitimate reasons for rejecting Dr. Arnold's opinions. First, the ALJ did not err by finding Dr. Arnold's diagnosis of bipolar disorder unsupported by substantial evidence. As the ALJ discussed at step two, such a diagnosis is only established by Plaintiff's self-reporting and both Dr. McKnight and Dr. Bostwick disagreed with the diagnosis. Tr. 28 (citing Tr. 56, 241, 245); *see also* Tr. 234 (Dr. Mabee questioning whether Plaintiff's symptoms were cause by bipolar disorder or Plaintiff's substance abuse). Plaintiff does not challenge the ALJ's step two determination. Plaintiff also does not challenge the ALJ's adverse credibility finding and the ALJ may discount a doctor's opinion if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1217. Furthermore, the ALJ may reject a opinions that are "brief" or "conclusory,"

*Batson*, 359 F.3d at 1195, or "inadequately supported by clinical findings," *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  As noted by the ALJ, Dr. Arnold's evaluation was limited in scope and unsupported by clinical findings. The ALJ did not err in rejecting Dr. Arnold's opinions.

**B.    RFC**

Plaintiff argues that the ALJ failed to include all of Plaintiff's limitations in the ALJ's RFC formulation, particularly the limitations assessed by Sharon Underwood, Ph.D.  ECF No. 14 at 14-15.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs").  In formulating a RFC, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities.  *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).  When presenting a hypothetical question to the VE, the ALJ is only required to present the VE with those limitations the ALJ finds to be credible and supported by the evidence.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001).

In this case, the ALJ found Plaintiff had the RFC to perform light work except "she would be limited to simple, repetitive tasks; she could have no more than brief, superficial contact with the general public; she could not perform tasks requiring a cooperative, teamwork endeavor with co-workers; and she would work best independently." Tr. 32.  When the ALJ asked the VE if a hypothetical person with these limitations and Plaintiff's background could perform Plaintiff's past relevant work, the VE concluded that such a person would be able to work as an electronics worker.  Tr. 89-90.

In formulating the RFC *supra*, the ALJ gave significant weight to the

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

assessment of Sharon Underwood, Ph.D., a State agency physician who reviewed Plaintiff's medical records in January 2012.  Tr. 34 (citing Tr. 107-16).  Dr. Underwood found Plaintiff moderately limited in her abilities to understand and remember very short and simple and/or detailed instructions, carry out detailed instructions, and maintain attention and concentration for extended periods.  Tr. 113-14.  Plaintiff argues that the ALJ should have included these limitations in her RFC determination.  ECF No. 14 at 14-15.  But Dr. Underwood also concluded that, despite these moderate limitations, Plaintiff was not disabled and she was capable of "understanding and remembering simple, repetitive tasks" and "superficial, work-related interaction with coworkers."  Tr. 113-16.  Dr. Underwood's conclusions are consistent with the ALJ's RFC determination, *see* Tr. 32, and the Court finds no error in the ALJ's evaluation of Dr. Underwood's opinions.  Furthermore, the ALJ's RFC determination is supported by substantial evidence and not based on legal error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.  Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 10, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 9